IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

OLGA MARQUEZ and NESTOR MARQUEZ,

Plaintiffs

v.

CASA DE ESPANA DE PUERTO RICO et. al,

Defendants.

CIVIL NO. 13-1251 (GAG)

## OPINION AND ORDER

The above-captioned case arises from the alleged damages Olga Marquez ("Plaintiff") suffered when she tripped and fell at Casa de España de Puerto Rico on April 15, 2012. (See Docket No. 1.) Plaintiff filed suit invoking the court's diversity jurisdiction, claiming that Casa de España de Puerto Rico ("Casa de España"), Universal Insurance Company, and two unnamed defendants (collectively "Defendants") are liable for the damages she suffered as a result of the fall pursuant to Article 1802 of the Civil Code of Puerto Rico, P.R. LAWS ANN. tit 31 § 5141. (Id. ¶ 2.2.) In addition to the alleged physical damages sustained by Plaintiff, Nestor Marquez, Plaintiff's husband, claims that he suffered emotion pain and suffering and mental anguish as a result of her injuries. (Id. ¶ 5.2-5.3.)

Pending before the court is Defendants' Motion for Summary Judgment requesting the dismissal of Plaintiff's complaint in its entirety due to the absence of proof regarding the essential elements of her negligence claim, namely a breach of Defendants' duty of care and proximate causation. (See Docket No. 34.) Plaintiff opposed Defendants' motion, arguing that the existence of genuine issues of material fact renders Defendants' motion improper. (See Docket No. 37.) By

**Civil No. 13-1251 (GAG)**

leave of court, Defendants replied to Plaintiff's response.  (See Docket No. 42.)  After reviewing the parties' submissions, the court **DENIES** Defendants' Motion for Summary Judgment at Docket No. 34.

**I.     Standard of Review**

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986); see Fed. R. Civ. P. 56(a).  "An issue is genuine if 'it may reasonably be resolved in favor of either party' at trial, . . . and material if it 'possess[es] the capacity to sway the outcome of the litigation under the applicable law.'"  Iverson v. City of Boston, 452 F.3d 94, 98 (1st Cir. 2006) (alteration in original) (internal citations omitted).  The moving party bears the initial burden of demonstrating the lack of evidence to support the non-moving party's case.  Celotex, 477 U.S. at 325.  "The movant must aver an absence of evidence to support the nonmoving party's case.  The burden then shifts to the nonmovant to establish the existence of at least one fact issue which is both genuine and material."  Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994).  The nonmovant may establish a fact is genuinely in dispute by citing particular evidence in the record or showing that either the materials cited by the movant "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R.Civ. P. 56(c)(1)(B).  If the court finds that some genuine factual issue remains, the resolution of which could affect the outcome of the case, then the court must deny summary judgment.  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

When considering a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of any and all reasonable inferences. Id. at 255. Moreover, at the summary judgment stage, the court does not make credibility determinations or weigh the evidence. Id. Summary judgment may be appropriate, however, if the non-moving party's case rests merely upon "conclusory allegations, improbable inferences, and unsupported speculation." Forestier Fradera v. Mun. of Mayaguez, 440 F.3d 17, 21 (1st Cir. 2006) (quoting Benoit v. Technical Mfg. Corp., 331 F.3d 166, 173 (1st Cir. 2003)).

## II.     Relevant Factual and Procedural Background

Casa de España is a center for civic and cultural activities of the Spanish community in Puerto Rico. (Docket Nos. 34-1 ¶ 3; 38 ¶ 3.) It consists of a two-level square building organized around an interior courtyard. (Docket Nos. 34-1 ¶ 6; 38 ¶ 6.) The first floor, in which the building's main entrance is located, houses a lobby, the interior courtyard, a library, an administrator's office, and several other salons and exposition rooms that surround the interior courtyard. (Docket Nos. 34-1 ¶ 6; 38 ¶ 6.) The second floor houses a restaurant, a ballroom, and several other salons that open to a balcony that wraps around the open space of the interior courtyard. (Docket Nos. 34-1 ¶ 6; 38 ¶ 6.) The lobby is located immediately after the main entrance to the building, which opens to the interior courtyard through a door-less entryway and a step down to the courtyard. (Docket Nos. 34-1 ¶ 8; 38 ¶ 8.) Defendants contend that to access the courtyard from the lobby and to go back to the lobby from the courtyard, the arched door-less entryway is the only route that guests can take. (Docket No. 34-1 ¶ 8) Plaintiff, however, contends that there is more than one way to enter the courtyard, thus guests going from the lobby to the courtyard and back to the lobby do not necessarily use the same door. (Docket No. 38 ¶ 8.1)

**Civil No. 13-1251 (GAG)**

On the evening of August 15, 2012, Plaintiff, her family, and a friend were visiting Casa de España with the intention of eating at the restaurant located on the second floor. (Docket Nos. 34-1 ¶ 13; 38 ¶ 13.) When Plaintiff arrived, she walked around the building with her group. (Docket Nos. 34-1 ¶ 14; 34-5 at 21-22; 38 ¶ 14.) She contends that she walked into the courtyard through an entrance other than the arched door-less entry, (Docket No. 34-5 at 20-24), whereas Defendants claim that she could have only walked through the door-less entry to get to the courtyard. (Docket No. 34-1 ¶ 8.) Upon exiting the courtyard to go to the lobby, Plaintiff walked through the door-less entryway and tripped on a one-inch high step that is located in that entryway. (Docket Nos. 34-1 ¶ 14; 38 ¶ 14.) As a result, Plaintiff fell to the floor, sustaining injuries from the fall. (Docket Nos. 34-1 ¶ 15; 38 ¶ 15.) The entryway had a sign warning of the step, but faced the opposite way from which Plaintiff was walking. (Docket Nos. 34-1 ¶ 9; 38 ¶ 9.4.) Further, Defendants contend that the step was marked with a visible yellow and black strip to warn guests of the step. (Docket No. 34-1 ¶ 9.) Plaintiff disputes that fact, arguing that no such warning strip was present on the day she tripped on the step. (Docket No. 38 ¶ 9.2.) Both parties agree, however, that there was no record of any falls or any type of accident in the area of that entryway prior to the day that Plaintiff fell. (Docket Nos. 34-1 ¶ 12; 38 ¶ 12.)

Thereafter, on March 26, 2013, Plaintiff filed suit against Defendants, alleging that the one-inch step in the arched door-less entryway created a dangerous condition and that Casa de España was negligent in failing to place effective signs warning of the potential danger of the step. (Docket No. 1 ¶¶ 3.1-3.4.) She alleges that as a result of Casa de España's negligence, she suffered severe traumas to the right side of her body and damage to her right elbow and back. (Id. ¶ 4.2.) Defendants answered the complaint and thereafter moved for summary judgment, requesting the dismissal of Plaintiff's complaint in its entirety. (Docket No. 34.) Plaintiff opposed

**Civil No. 13-1251 (GAG)**

Defendants' motion. (Docket No. 37.) By leave of court, Defendants replied to Plaintiff's response. (Docket No. 42.)

### III. Discussion

In moving for dismissal of Plaintiff's cause of action, Defendants make three arguments that they claim entitles them to judgment as matter of law. First, they argue that although Plaintiff construes this case as one based on premises liability, her claim falls within the rubric of a negligent design case because the step is not a movable object out of place, a broken structure, or slippery substance. (Docket No. 34 7-8.) As such, they contend that Plaintiff's evidence is devoid of the necessary evidence to prove that the step was negligently designed because such a claim requires an expert witness to testify to an objective standard of care from which the court can measure the accuracy of Plaintiff's contention. (Id. at 7.) Second, they argue that their statement of uncontested facts demonstrates that the step in question was neither a dangerous condition nor was it unknown to Plaintiff because the presence of the step is adequately forewarned to visitors of Casa de España's premises. (Id.) Lastly, Defendants argue that Plaintiff is lacking any evidence that demonstrates the foreseeability of the risk allegedly created by Defendants because there is no record of any accidents in the door-less entryway prior to the Plaintiff's trip and thus she fails to prove foreseeability with respect to Defendants' alleged breach of duty and proximate causation. (Id. at 9-12.)

Plaintiff responds by disputing that the step was adequately forewarned to guests of Casa de España because there was no yellow and black strip on the step, the sign was facing the opposite way from which Plaintiff approached, and she did not walk into the courtyard through that entryway and thus could not have seen the warning sign. (Docket No. 37 at 8-9.) Plaintiff further argues that this case is not based on a design defect, but rather on Defendants' failure to

5

**Civil No. 13-1251 (GAG)**

place effective signs warning guests of Casa de España of the danger of the step in the door-less entryway. (Id. at 2, 7-8.) Plaintiffs also argue that by arguing that there were safety precautions taken by Casa de España to warn guests of the step, Defendants admitted that the potential danger of the step was foreseeable, even if there had not been any prior recorded accidents. (Id. at 8-11.)

The following law governs the court's analysis. Article 1802 of the Puerto Rico Civil Code imposes tort liability on "[a] person who by an act or omission causes damage to another through fault or negligence." P.R. Laws Ann. tit. 31, § 5141. To establish liability for negligence, a plaintiff must show that the defendant owed a duty to the plaintiff, that the defendant breached that duty (i.e., that the defendant was negligent), that the plaintiff suffered damages, and that those damages were caused by the breach of duty (i.e., proximate causation). Nieves-Romero v. United States, 715 F.3d 375, 378-79 (1st Cir. 2013) (citing Sociedad de Gananciales c/p Hernández-López v. González Padín Co., 17 P.R. Offic. Trans. 111, 125 (1986)). "As is true in most jurisdictions, foreseeability is a central issue in these cases, as it is an element of both breach of duty and proximate cause." Vázquez-Filippetti v. Banco Popular de Puerto Rico, 504 F.3d 43, 49 (1st Cir. 2007).

In most negligence cases, a defendant's duty "is defined by the general rule that one must act as would a prudent and reasonable person under the circumstances." Id. (citing Ortiz v. Levvitt & Sons of P.R., Inc., 1 P.R. Offic. Trans. 407, 101 D.P.R. 290 (1973)). "Foreseeability is a component of the breach [element] because a defendant only breaches his duty if he acted (or failed to act) in a way that a reasonably prudent person would foresee as creating undue risk." Id. (internal quotation marks omitted). As such, a plaintiff must show the foreseeable risks created by the defendant's acts or omissions to satisfy her burden as to this element. Id. Once a plaintiff has demonstrated that the defendant was negligent (breached the duty of care), she must then

**Civil No. 13-1251 (GAG)**

demonstrate that the defendant's negligence actually caused her injuries and the defendant could have reasonably foreseen that the injuries would result from his acts or omissions. Id.; Marshall v. Pérez Arzuaga, 828 F.2d 845, 849 (1st Cir. 1987) (citing Jimenez v. Pelegrina, 112 P.R. Dec. 881, 885 (1982)).

With respect to claims based upon premises liability, the Puerto Rico Supreme Court has concluded that "the owner or operator of a commercial establishment has a duty to exercise reasonable care to maintain those areas that are accessible to the public, so as to avoid injury to its patrons." Cline v. Puerto Rico Ports Auth., 620 F. Supp. 2d 233, 237 (D.P.R. 2008) (citing Hernández-López, 117 P.R. Dec. at 104)). To prove that a business owner breached that duty, a plaintiff must show that the defendant had actual or constructive knowledge of a hazardous or dangerous condition on his premises that more likely than not caused the damages to the plaintiff. Vázquez-Filippetti, 504 F.3d at 50; Cotto v. C.M. Ins. Co., 416 P.R. Offic. Trans. 786, 793-94, 116 D.P.R. 64 (1985). As such,

> [t]here is no liability for harm resulting from dangerous conditions of which [the business owner] does not know, and which a reasonable inspection would not have discovered, or from conditions from which no unreasonable risk was to be anticipated. Likewise, in the usual case, there is no obligation to protect the visitor against dangers which are known to [the visitor], or which are so apparent that he may reasonably be expected to discover them and be able to protect himself . . . . The visitor is entitled, however, to assume that proper care has been exercised to make the premises safe for him, and he is not required, as in the case of a licensee, to be on the alert for possible defects.

Mas v. United States, 784 F. Supp. 945, 948 (D.P.R. 1992) aff'd, 984 F.2d 527 (1st Cir. 1993) (quoting Goose v. Hilton Hotels Int'l, Inc., 79 D.P.R. 523 (1956) (emphasis in original)). "[T]o establish constructive knowledge, a plaintiff must prove either the existence of the dangerous condition for an unreasonable or excessive length of time or, in the absence of evidence regarding time, the owner's insufficient prevention policy or failure to implement the policy." Carlo-Blanco

**Civil No. 13-1251 (GAG)**

v. Inmobiliaria Comercial, Inc., No. CIV. 12-1978 PAD, 2014 WL 4805101, at *3 (D.P.R. Sept. 26, 2014).[1] Unlike the usual case, where the issue is whether the defendant had sufficient time to realize that there was dangerous matter on the floor or whether it used due care to carry out reasonable inspections of the premises for nonpermanent hazards, in the present case, the issue is whether Defendant failure to implement a sufficient prevention policy, that is, whether it exercised reasonable care in putting up signs in the entrance way to forewarn guests of the step.

Claims based on allegedly dangerous properties can alternatively take the form of a defective or negligent design case. See Vázquez-Filippetti, 504 F.3d at 50; Claybaugh v. Condado Plaza Hotel and Casino, No. 08-1667, 2010 WL 2998853 at *5-6 (D.P.R. July 26, 2010). In a negligent design case, the plaintiff claims that the property was negligent designed—unsafe from its very conception—as the owner intended it to be, in contrast to a claim that the owner negligently maintained the property. See Vázquez-Filippetti, 504 F.3d at 50-51. While the essential elements for such a case remain the same as premises liability, the plaintiff bears the burden of establishing the applicable standard of care for the design of the property at issue. Id. at 50. "In most design cases, a plaintiff will only meet her burden of proof if she presents evidence as to the applicable standard of care, [typically in the form of expert testimony,] because the jury must be sufficiently familiar with what standard to evaluate whether the defendant's design

---

[1] The reason for the requirement of actual or constructive knowledge is that, "in order to establish liability based upon fault or negligence, the [property owner] must have a reasonable opportunity to observe and to correct, or to warn against, the hazardous condition and he must fail or omit to do so. It is the failure to correct, in the exercise of due care, a known hazardous condition or one of which the [property owner], in the exercise of due care, should be aware, or the failure to effectively warn invitees of its presence, that constitutes fault or negligence. Section 1802 specifically requires 'fault or negligence' in order for liability to be imposed." Mas, 784 F. Supp. at 948 (D.P.R. 1992)

complied with it," as the design of buildings often involves experience or knowledge that the average lay person does not possess. Id. at 51; Claybaugh, 2010 WL 2998853 at *5.

A.   Design Defect

Turning to the analysis of Defendants' arguments, the court first addresses their contention that Plaintiff's claim falls within the rubric of a negligent design case and thus requires expert testimony as to an objective standard of care. Although it seems that the step at issue likely existed in the state intended by its owner when Casa de España was built in 1934, and it was not in disrepair or altered by some external force or action, Plaintiff's contention does not relate to the negligent placement and design of the step. Rather, she challenges Casa de España's failure to adequately warn its guests about the potential danger of the step. (See Docket Nos. 1 ¶ 3.2; 37 at 9-11.)

This claim is different from the plaintiff's allegations in Vázquez-Filippetti v. Banco de Popular de Puerto Rico, which Defendants rely up on to support their claim. The First Circuit Court of Appeals rejected the plaintiff's theory of negligence based on premises liability and applied the negligent design rubric to an alleged dangerous condition where the plaintiff sought to recover for damages she sustained when she was hit by a car while using one of the bank's ATM. Vázquez-Filippetti, 504 F.3d at 46. The court reviewed the record and found that the plaintiff's complaint, pretrial documents, and all of her arguments at trial related to the negligent placement and design of the ATM. Id. at 51. As such, the court held that, in making such assertions, the plaintiff was required to present evidence regarding the applicable standard of care for designing the ATM facility at issue to argue that Banco Popular's design fell below such a standard. Id. at 55; see also Claybaugh, 2010 WL 2998853 at *5-6 (applying Vázquez-Filippetti and holding that plaintiff's claims "that the shower retaining wall, hotel towel intended for use as a bath mat, and

floor tiles were negligently designed, allowing water to overflow onto the floor and causing her to slip and fall" required specific evidence in the form of expert testimony of an objective standard of care).

In the present case, an examination of Plaintiff's arguments in her complaint and opposition to Defendants' motion for summary judgment reveals that she has not, and does not, claim that Casa de España was negligent in designing the door-less entryway by placing the step in that location. Her claim challenges Casa de España's failure to adequately warn its guests about the potential danger of the step. "It is the failure to correct, in the exercise of due care, a known hazardous condition or one of which the [property owner], in the exercise of due care, should be aware, or <u>the failure to effectively warn invitees of its presence</u>, that constitutes fault or negligence" in a premises liability claim. <u>Mas</u>, 784 F. Supp. at 948 (emphasis added). Therefore, it logically follows that had Casa de España properly warned Plaintiff of the step, she would have be aware of the risk, and not have tripped. According, the court rejects Defendants' argument that this case must be analyzed under the design defect rubric.

B.   <u>Failure to Warn</u>

The court next addresses the issue of whether Casa de España breached its duty of care by failing to adequately warn its guests of the potential risk of danger of the step. Both parties dispute whether the step was marked with a visible yellow and black strip to warn guests of its presence. (<u>See</u> Docket Nos. 34-1 ¶ 9; 38 ¶ 9.2.) The parties also dispute whether Plaintiff entered the courtyard through the arched door-less entry, thus creating an issue of fact as to whether Plaintiff walked by the warning sign prior to her tripping on the step. (<u>See</u> Docket Nos. 34-1 ¶ 8; 34-5 at 20-24.) In light of these factual disputes, a jury reasonably could, upon weighing the evidence and making credibility determinations, decide in favor of either party whether Casa de España

**Civil No. 13-1251 (GAG)**

effectively warned Plaintiff of the presence.  Furthermore, because the failure to effectively warn invitees of the presence of a dangerous condition constitutes negligence (breach of duty) and, on the other hand, there is no obligation on part of Casa de España to protect Plaintiff against a danger which was known to her, see Mas, 784 F. Supp. at 948, the resolution of these issues of fact could certainly affect the outcome of this case, particularly the satisfaction of the breach of duty element of Plaintiff's claim.  More so, it is for the jury, not the court, to find which of the disputed facts occurred and thus determine whether Casa de España exercised reasonable care in warning its guests of the risk of danger of the step.  See Marshall, 828 F.2d at 849 (noting questions of fact are properly jury questions).

        C.    <u>Foreseeability</u>

Both parties also dispute whether the risk of danger of the step was reasonably foreseeable. Plaintiff argues that by placing a sign warning of the step on one side of the door-less entryway, Defendants essentially conceded that it was foreseeable that someone could trip on the step and sustain injuries.  (See Docket No. 37 at 8-9.)  Defendants argue that because there had not been a recorded accident in that area prior to Plaintiff's incident, the risk of danger of the step could not have been anticipated.  (See Docket No. 34 at 9-12.)  "Not only ordinary fact questions, but also evaluative applications of legal standards (such as the concept of legal foreseeability) to the facts are properly jury questions.  In any case where there might be reasonable difference of opinion as to evaluative determinations . . . the question is one for the jury."  Marshall, 828 F.2d at 849; see Pabon Escabí v. Axtmayer, 90 P.R.R. 20, 25 (1964) (noting whether a defendant is liable under a premises liability claim depends on the facts and circumstances of each case).  Upon considering both versions of the facts of this case in the light most favorable to Plaintiff, the court concludes that a reasonable jury could find Plaintiff's accident was foreseeable simply because Casa de

**Civil No. 13-1251 (GAG)**

España placed a sign and may have placed a warning strip on the step, leading to the reasonable inference that it foresaw someone tripping on the step. Because foreseeability is a central issue in premises liability claims, as it is an element of both breach of duty and proximate cause, Vázquez-Filippetti, 504 F.3d at 49, the resolution of this issue possesses the capacity to sway the outcome of this case.

### IV. Conclusion

In light of the foregoing, the court concludes that genuine issues of material fact remain and the resolution of such could affect the outcome of the case. Accordingly, the court **DENIES** Defendants' Motion for Summary Judgment at Docket No. 34.

**SO ORDERED.**

In San Juan, Puerto Rico this 13th day of November, 2014.

*s/ Gustavo A. Gelpí*
GUSTAVO A. GELPI
United States District Judge